# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCUS WYNNYCKY,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0731-25-0258-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE:  August 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus Wynnycky, Studio City, California, pro se.

Amanda L. Jordan, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a negative suitability determination as untimely filed without good cause shown.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, proceeding pro se, appealed the agency's decision finding him unsuitable for Federal employment, rating him ineligible for several positions with the Department of the Interior, canceling any eligibilities or applications for covered positions, and debarring him from competition for, or appointment to, any covered position in the Federal service until February 13, 2027. Initial Appeal File (IAF), Tab 1, Tab 7 at 7-27. On March 5, 2025, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown. IAF, Tab 9, Initial Decision (ID). The initial decision informed the appellant how to file a petition for review and explained that the deadline for filing a petition for review was April 9, 2025. ID at 11-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. However, he did not file until April 21, 2025, 12 days after the deadline for doing so. The agency filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g).

The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good

cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

The administrative judge issued the initial decision on March 5, 2025. ID at 1. As a registered e-filer, the appellant received the initial decision as a matter of law on March 5, 2025, the date on which the Western Regional Office served it on him.[2] ID at 19; *see* 5 C.F.R. § 1201.14(*l*)(2) (2023). Therefore, the appellant was required to file his petition for review no later than April 9, 2025. ID at 11. As noted above, the appellant filed his petition for review on April 21, 2025. PFR File, Tab 1. Thus, we find that he filed his petition for review 12 days late. 5 C.F.R. § 1201.14(*l*)(1).

Notwithstanding the appellant's pro se status, we find that he has failed to show good cause for a waiver of the filing deadline. Although his 12-day filing delay in this case is not very lengthy, it is not minimal. *See Rothlisberger v. Department of the Army*, 113 M.S.P.R. 450, ¶ 7 (2010) (finding that a 14-day filing delay, although not very lengthy, was not minimal); *Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding that an 8-day filing delay, although not especially lengthy, was not minimal). Further, the Clerk of the Board issued an acknowledgment letter, instructing the appellant that an untimely filed petition for review must be accompanied by a motion to either accept the filing as timely and/or waive the time limit for good cause. PFR

---

[2] Board documents served electronically on e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(*l*)(2). When a statute or regulation "deems" something to be done or to have been done, the event is considered to have occurred whether or not it actually did. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006).

File, Tab 2 at 1-2 (citing 5 C.F.R. § 1201.114(g)). The letter further instructed the appellant that if he wished to file the aforementioned motion, he must include a statement signed under penalty of perjury or an affidavit showing that the petition was either timely filed or good cause existed for the untimeliness. *Id.* at 1-2. It also included a form for the motion, sworn statement, and affidavit and provided a deadline of May 9, 2025. *Id.* at 2, 5-6. Despite the instructions contained in the acknowledgment letter, the appellant did not submit a sworn statement, affidavit, or further explanation for the untimely filing.

We considered the appellant's claim on review that he was affected by the wildfires in the Los Angeles, California region in early January 2025, which caused him severe logistical and psychological challenges.[3] PFR File, Tab 1 at 3. However, the appellant has not offered evidence or an explanation of how the wildfires affected his ability to file his petition for review before the April 9, 2025 deadline. Without specific details demonstrating how the wildfires impeded his ability to meet the filing deadline, we cannot conclude that these events prevented timely action. This is particularly notable given that he filed his initial appeal on January 29, 2025, and subsequently filed other pleadings wherein he made no mention of the wildfires. ID at 5; IAF, Tab 1, Tab 3 at 2. As such, we find that the appellant failed to establish that he experienced circumstances beyond his control that affected his ability to comply with the time limits. *See Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman*, 68 M.S.P.R. at 62-63. Although we are sympathetic to the appellant's situation, we find that he failed to establish that he exercised due diligence or ordinary prudence under the circumstances of his case.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

---

[3] We take official notice that beginning on January 7, 2025, Southern California experienced a series of wildfires which heavily affected the Los Angeles region. *See* 5 C.F.R. § 1201.64 (stating that the Board may take official notice of matters of common knowledge or matters that can be verified).

of the petition for review.  The initial decision remains the final decision of the Board regarding the negative suitability determination appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.